## In the Matter of ARTHUR N. SAGER, an Attorney.

First Department, June 6, 1930.

*Einar Chrystie*, for the petitioner.

*Arthur N. Sager*, respondent in person.

DOWLING, P. J. Respondent was admitted to practice as an attorney and counselor at law in the State of New York, at a term of the Supreme Court of the State of New York, Appellate Division, First Department, on June 22, 1915.

On March 3, 1930, the grand jurors for the United States of America for the Southern District of New York filed an indictment in which the respondent and others were charged with a violation of sections 37, 131 and 135 of the United States Criminal Code. On April 5, 1930, after a trial in the District Court of the United States for the Southern District of New York, before a judge and a jury, the respondent was found guilty on counts 1, 2 and 6 in said indictment, charging conspiracy with others to bribe a juror in the trial of an action then pending in the United States District Court for the Southern District of New York; with the actual effectuation of such bribery; and with the bribery of bailiffs of said court in attendance at said trial. Thereafter he was sentenced to imprisonment in the United States Penitentiary in Atlanta, Ga., for a term of two years. The crimes for which the respondent was convicted, as set forth in counts 1, 2 and 6 of said indictment, were and are felonies.

Section 477 of the Judiciary Law provides: " Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Subdivision 3 of Section 88 of the Judiciary Law provides:

" Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the Appellate Division of the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys."

The respondent, having been convicted of crimes which are felonies, should be disbarred.

FINCH, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Respondent disbarred.